**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ex Parte: Byron A. Chavarria, Appellant

In Re:

Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust I, Respondent,

v.

Laura E. Kephart, 1st Franklin Financial Corporation, Defendants,

of which Laura E. Kephart is a Respondent.

Appellate Case No. 2024-001051

———————

Appeal From York County
Teasa Kay Weaver, Master-in-Equity

———————

Unpublished Opinion No. 2026-UP-363
Submitted June 23, 2026 – Filed July 15, 2026

———————

**AFFIRMED**

———————

Thornwell F. Sowell, III, of Sowell & DuRant, LLC, of Columbia, and Andrea Solorzano Johnson, of Solorzano Johnson Law, LLC, of Fort Mill, both for Appellant.

Ashley Zarrett Stanley, Sarah Oliver Leonard, and Alan Martin Stewart, of Hutchens Law Firm, of Columbia, for Respondent Wilmington Savings Fund Society.

Laura E. Kephart, pro se.

---

**PER CURIAM:**  This appeal arises from the Master-in-Equity's denial of Byron A. Chavarria's motion to intervene and claim for surplus funds following a foreclosure action in favor of Respondent Wilmington Savings Fund Society (the Bank).  On appeal, Chavarria argues the master abused its discretion in denying his motion to intervene and erred in awarding the surplus funds to Respondent Laura E. Kephart; thus, denying Chavarria's claim for the surplus funds.  We affirm.

On August 28, 2019, Pingora Loan Servicing, LLC,[1] filed a lis pendens and summons and complaint instituting an action to foreclosure upon a note and mortgage executed by Kephart in October 2015 for real property located in York County.  On February 12, 2020, an order was filed granting judgment of foreclosure and sale in favor of the plaintiff.  The sale was scheduled for April 6, 2020, but was later stayed due to the Covid pandemic.  On March 6, 2020, a quitclaim deed, executed on March 4, was recorded with the York County Register of Deeds showing Kephart conveyed the property to Robin Hood Investments, LLC (the LLC), for $5.  On March 5, the LLC entered into a lease contract with option to purchase the property (the Lease) with Chavarria.  The Lease listed a purchase price of $125,000 to be paid via a $30,000 deposit and monthly payments of $1,000.  The Lease further stated there was a mortgage on the property in the amount of $80,000.  Section 10 of Lease stated:

> The LLC further agrees to keep all mortgages, liens, taxes, or other encumbrances on the property, current and in good standing.  Chavarria shall have the right to make payment on same in the event that LLC becomes delinquent or otherwise defaults on such payments, and subtract the amount of payments from the balance due to the LLC.

---

[1] On September 13, 2021, the master entered an order amending the caption to substitute the Bank as the plaintiff.

Section 14(b) of the Lease stated a title search would be ordered immediately by Chavarria, and in the event the title was unmarketable, Chavarria would have the option to void the agreement or move forward with the terms of the Lease. Chavarria moved into the property in April 2020.[2]

On December 4, 2023, the property was sold at public auction to Quality Home Remodeling (QRH). The master issued a Notice of Surplus Funds in the amount of $37,561.08. On February 7, 2024, QRH filed a petition for a rule to show cause and the following day, the master ordered Chavarria to show cause as to why he should not be evicted from the property. On February 13, 2024, Chavarria filed a motion to intervene and claim for surplus funds. Kephart filed her claim for surplus funds on February 22, 2024. On March 7, 2024, the master filed an order ejecting Chavarria from the home, and a hearing was set to determine the disbursement of surplus funds. A hearing was held, and by order dated May 24, 2024, the master denied Chavarria's motion to intervene and claim for surplus funds. The surplus funds were dispensed to Kephart.

We hold the master did not abuse its discretion by denying Chavarria's motion to intervene pursuant to Rule 24, SCRCP. *See In re Horry Cnty. State Bank*, 361 S.C. 503, 507, 604 S.E.2d 723, 725 (Ct. App. 2004) ("The standard of review for a Rule 24(a)(2)[, SCRCP,] motion is whether the [master] abused his discretion in granting or denying the motion."); *id.* at 508, 604 S.E.2d at 725 (providing that pursuant to Rule 24(a)(2), in order to intervene as of right, a party must "(1) establish timely application; (2) assert an interest relating to the property or transaction which is the subject of the action; (3) demonstrate that it is in a position such that without intervention, disposition of the action may impair or impede its ability to protect that interest; and (4) demonstrate that its interest is inadequately represented by other parties").

Based on the time that had passed since Chavarria knew or should have known of his interest, the stage to which the litigation had progressed, and the prejudice to the original parties, we hold the master did not abuse its discretion by finding Chavarria did not timely file his application to intervene. *See Davis v. Jennings*, 304 S.C. 502, 504, 405 S.E.2d 601, 603 (1991) (explaining the four-part test for timeliness is: "(1) the time that has passed since the applicant knew or should have known of his or her interest in the suit; (2) the reason for the delay; (3) the stage to

---

[2] Chavarria paid the $30,000 deposit, several $1,000 monthly payments, and made improvements to the property in the amount of $16,325. He did not complete the full purchase price amount.

which the litigation has progressed; and (4) the prejudice the original parties would suffer from granting intervention and the applicant would suffer from denial."); *Ex Parte Gov't Employee's Ins. Co.*, 373 S.C. 132, 138, 644 S.E.2d 699, 702 (2007) ("[T]he Court should consider the practical implications of a decision denying or allowing intervention.").  Here, the lis pendens and summons and complaint for foreclosure were filed on August 28, 2019.  This action was filed prior to Chavarria's execution of the Lease on March 5, 2020.  On February 12, 2020, the master filed an order of judgment of foreclosure and sale in favor of the Bank and a notice of sale, directing the subject property be sold at public auction on April 6, 2020.  The notice of sale was advertised in the local paper on November 18 and 25, 2022, and December 2, 2022.  The property was sold at public auction on December 4, 2023, with the deed recorded on December 7, 2023.  Chavarria did not file his motion to intervene and claim for surplus funds until February 13, 2024—more than four years after the action was filed and two months after the property was sold.  Nothing in the record establishes the reason for Chavarria's delay, and his brief merely asserts his language barrier and lack of legal representation at the time he entered the Lease prevented him from understanding "his rights and responsibilities thereunder."  Accordingly, we affirm the master's denial of Chavarria's motion to intervene.[3]  *See Ex Parte Reichlyn*, 310 S.C. 495, 500, 427 S.E.2d 661, 664 (1993) (explaining it is unnecessary to consider the remaining factors required for intervention pursuant to Rule 24(a)(2) "because failure to satisfy any one of the four requirements precludes intervention").

**AFFIRMED.**[4]

**THOMAS, KONDUROS, and CURTIS JJ., concur.**

---

[3] Based upon the untimeliness of Chavarria's motion, we decline to address the remaining issue relating to the disbursement of the surplus funds.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address the remaining issues where a prior issue was dispositive).

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.